UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT ESCARENO, | ) | Case No. CV 12-355-CJC (OP) |
| Petitioner, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER RE: DISMISSAL OF PETITION FOR WRIT |
| TIMOTHY BUSBY, Warden, | ) ) | OF HABEAS CORPUS (28 U.S.C. § 2254) AS SUCCESSIVE |
| Respondent. | ) ) | |

## I.

## **INTRODUCTION**

On January 13, 2012, Robert Escareno ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State custody pursuant to 28 U.S.C. § 2254 ("Petition"), along with supporting exhibits. (ECF Nos. 1, 2.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal as second and successive.

/ / /

/ / /

## II.

## **PROCEDURAL HISTORY**

On May 20, 2002, Petitioner was convicted after a jury trial in the Los Angeles County Superior Court, case number KA055189, of three counts of robbery (Cal. Penal Code § 211). The jury also found true allegations that Petitioner had personally used a firearm during each of his offenses (Cal. Penal Code §§ 12022.5(a)(1), 12022.53(a)). The trial court found that Petitioner had suffered fourteen prior convictions within the meaning of California's "Three Strikes Law" (Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d)), and two prior serious felony convictions (Cal. Penal Code § 667(a)). Petitioner was sentenced to a total state prison term of 110 years to life, consisting of twenty-five years to life plus ten years for the use of a firearm for each of the three counts, to run consecutively.[1] (Pet at 2; People v. Escareno, No. B1598431, 2003 WL 22664207, at *1 (Cal. App. Nov. 12, 2003).)

Petitioner appealed the judgment to the California Court of Appeal. He also filed a habeas corpus petition in the court of appeal, case number B170487. On November 14, 2003, the court of appeal affirmed the convictions and special findings in an unpublished opinion and issued an order denying the habeas petition. (Escareno, 2003 WL 22664207, at *13; Official Records of California

---

[1] On October 15, 2002, Petitioner was convicted of robbery, car-jacking, and being a felon in possession of a firearm in Los Angeles County Superior Court, case number VA068367, and was subsequently sentenced to a state prison term of eighty years to life. Petitioner's conviction and sentence in that case are unrelated to this Petition. Petitioner filed a separate federal habeas petition in Escareno v. Evans, CV 05-6122-CJC (OP), stemming from his conviction in that case. (CV 05-6122 ECF No. 1.) On March 4, 2009, Judgment was entered denying the petition and dismissing the action with prejudice. (Id. ECF No. 113.)

1  Courts.²)

2  Petitioner then filed petitions for review in the California Supreme Court
3  from the court of appeal's opinion affirming the judgment and from its denial of
4  his habeas petition, case numbers S121220 and S121350.  On February 18, 2004,
5  the state supreme court summarily denied both petitions.  (Official Records of
6  California Courts.)

7  On October 26, 2004, Petitioner filed a second habeas petition in the
8  California Court of Appeal, case number B178766.  On November 10, 2004, the
9  court of appeal denied the petition.  (Official Records of California Courts.)

10  On November 29, 2004, Petitioner filed a habeas petition in the California
11  Supreme Court, case number S129523.  (Official Records of California Courts.)
12  He also filed a § 2254 petition in this District, which was voluntarily dismissed
13  without prejudice.  (CV 04-9807-CJC (RNB) ECF Nos. 1, 20.)  On April 20, 2005,
14  Petitioner filed an "Addendum to Writ of Habeas Corpus" in the state supreme
15  court.  On July 13, 2005, the supreme court denied the petition.  (Official Records
16  of California Courts.)

17  On August 17, 2005, Petitioner filed another § 2254 petition in this District
18  challenging the same conviction herein.  (CV 05-6032-CJC (OP) ECF No. 14.)
19  On February 4, 2009, Judgment was entered denying the petition and dismissing
20  the action with prejudice.  (Id. ECF No. 41.)

21  On November 16, 2010, Petitioner filed a habeas corpus petition in the Los
22  Angeles County Superior Court.  On November 17, 2010, the superior court
23  denied the petition.  (Pet. at 4-5, Ex. G.)

---

²  The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov.  See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir, 9002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

1  On January 4, 2011, Petitioner filed a habeas corpus petition in the
2  California Court of Appeal, case number B229918. On January 12, 2011, the
3  court of appeal denied the petition. (Id. at 4a; Official Records of California
4  Courts.)
5  On March 17, 2011, Petitioner filed a habeas corpus petition in the
6  California Supreme Court, case number S191570. On August 24, 2011, the state
7  supreme court denied the petition. (Id. at 4a; Official Records of California
8  Courts.)

## III.
## DISCUSSION

**A.  Standard of Review.**

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

>   (2) A claim presented in a second or successive habeas corpus
>   application under section 2254 that was not presented in a prior
>   application shall be dismissed unless--
>     (A) the applicant shows that the claim relies on a new
>     rule of constitutional law, made retroactive to cases on
>     collateral review by the Supreme Court, that was
>     previously unavailable; or
>     (B)(i) the factual predicate for the claim could not have
>     been discovered previously through the exercise of due
>     diligence; and
>     (ii) the facts underlying the claim, if proven and viewed
>     in light of the evidence as a whole, would be sufficient to
>     establish by clear and convincing evidence that, but for
>     constitutional error, no reasonable factfinder would have
>     found the applicant guilty of the underlying offense.
>   (3)(A) Before a second or successive application permitted by this
>   section is filed in the district court, the applicant shall move in the
>   appropriate court of appeals for an order authorizing the district court
>   to consider the application.

28 U.S.C. § 2244(b).

Generally speaking, a petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Moreover, although a dismissal based upon the statute of limitations does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as

time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

As set forth above, before a second or successive application permitted under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Furthermore, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4); see also Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b), district court lacks jurisdiction to consider petition absent authorization from court of appeals) (citations omitted).

**B.    Analysis.**

It appears from the face of the Petition that Petitioner is challenging the same 2002 Los Angeles County Superior Court conviction, case number KA055189, as the prior § 2554 petition filed in this District. (Compare CV 12-355 ECF No. 1 with CV 05-6032 ECF No. 14.) On February 4, 2009, Judgment was entered denying the prior petition and dismissing the action with prejudice. (CV 05-6032 ECF No. 41.) Petitioner filed a notice of appeal from that Judgment. (Id. ECF No. 42.) However, Petitioner's request for a certificate of appealability was denied by the Ninth Circuit. (Id. ECF No. 50.)

In the current Petition, Petitioner seeks to raise one claim that was not presented in his prior § 2254 petition. (CV 12-355 ECF No. 1 at 5, Attach.) Since the current Petition is successive, Petitioner must seek an order from the Ninth Circuit Court of Appeals authorizing this Court to consider the Petition. 28 U.S.C. § 2244(b)(3)(A). This Court finds no indication that Petitioner has obtained such approval prior to the filing of the current Petition. Thus, this Court lacks

jurisdiction to address the merits of the Petition. See 28 U.S.C. § 2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).

## IV.
## **ORDER**

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED: February 3, 2012

HONORABLE CORMAC J. CARNEY
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge